UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| VALORA FRISBEE, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 1:07CV56 CDP |
| FORD MOTOR CREDIT CO. | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This matter is before me on plaintiff Valora Frisbee's motion to remand for lack of subject matter jurisdiction. The instant action was removed to this Court from the Butler County Courthouse on the basis of diversity jurisdiction. Frisbee contends that the Court lacks diversity jurisdiction over the action because the amount in controversy does not exceed $75,000, exclusive of interest and costs. In support of remand, Frisbee asserts that the defendant Ford Motor Credit Co.'s removal petition did not supply the facts or law under which it might be obligated to pay more than $75,000. Ford has supplemented its removal petition in response to this motion and has stated that Frisbee's petition states a claim for conversion of her truck and personal property contained therein and that she has testified that the value of that property exceeded $75,000. Frisbee has not filed any reply memorandum and the time for such a reply has passed.

In the past, this Court has remanded actions back to state court for lack of subject matter jurisdiction where the plaintiff has stipulated by sworn statement that

it would neither seek nor accept damages in excess of the jurisdictional minimum ($75,000).  See Walsh v. J.B. Hunt Transport. Inc., 20 F. Supp. 2d 1300, 1301 (E.D. Mo. 1998).  The Court believes that a sworn statement is binding on a plaintiff in this Court, as well as any other court, and may be enforced through appropriate sanctions.

Based upon the Ford's opposition to Frisbee's motion to remand and Frisbee's deposition testimony, this Court retains subject matter jurisdiction as the amount in controversy exceeds $75,000.  If Frisbee continues to seek remand based on an amount in controversy, this Court might reconsider the remand issue based on a sworn statement of Frisbee.  If Frisbee files a supplemental affidavit in support of a motion to remand which states that she will not seek or accept damages or judgment in excess of $75,000, exclusive of interest and costs, then the Court will remand the action to state court.  Otherwise, the Court's denial of remand will stand.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [#6] is denied without prejudice to re-file with a supporting affidavit swearing that Frisbee will not seek or accept damages or judgment in excess of $75,000.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of May, 2007.